SUMMARY ORDER
Church Homes, Inc. d/b/a Avery Heights (“Avery”) petitions for review of the National Labor Relations Board’s (“the Board”) Supplemental Decision and Order finding that Avery, in hiring permanent replacements and refusing to reinstate the striking workers upon their unconditional offer to return to work, violated Section 8(a)(1) and (3) of the National Labor Relations Act (“the Act”), 29 U.S.C. § 158(a)(1) and (3). The General Counsel of the NLRB brings a cross-application for enforcement of the Board’s Order, and the New England Healthcare Employees Union (“Union”) intervenes in support of enforcement. We assume the parties’ familiarity with the facts, the proceedings below, and the issues on appeal.
In New England Health Care Employees Union v. NLRB, 448 F.3d 189, 193-195 (2d Cir.2006) [Church Homes I ], we granted the Union’s petition for review of the Board’s initial decision dismissing the complaint against Avery and remanded to the Board. Id. We acknowledged that hiring permanent replacement workers in response to a strike is permissible unless the employer acts with “an independent unlawful purpose.” Id. at 192 (internal quotation marks omitted). We found, where the evidence was undisputed that Avery had conducted its hiring of permanent replace- *1000 merits in secret, that it was “unwarranted” for the Board to presume that “an employer’s decision to keep the hiring of permanent replacements secret is not probative of whether the employer had an independent lawful purpose for the hiring.” Id. at 195 (internal quotation marks omitted). The Board’s error was apparent from its failure to recognize that an employer “with an illicit motive to break a union [would] have a strong incentive to keep the ongoing hiring of replacements secret.” Id.
We concluded that the Board “failed to acknowledge the natural and logical implications of the facts it credited and the analytic framework it adopted,” and erred by failing to consider whether the secrecy indicated an “independent unlawful motive” for hiring replacements. Id. at 196. The Board was directed to consider the implications of Avery’s secrecy. But the Board was “not preclude[d] ... on remand from reaching the same conclusion [as it did in its initial decision] through adequate reasoning.” Id. at 196. The Board was invited to consider additional evidence offered by Avery that might establish a legitimate explanation for hiring replacements in secret, and to revisit the administrative law judge’s negative credibility finding with respect to an Avery supervisor’s testimony that fear of violence was the reason for the secrecy. Id. at 196 n. 7.
We find that the Board complied with this Court’s remand. The Board, finding “the record is insufficient to refute the inferred unlawful motive,” held that Avery’s secret hiring of permanent replacements demonstrated an independent unlawful purpose and that its refusal to reinstate the strikers was a violation of the Act. Church Homes, Inc. d/b/a Avery Heights, 350 N.L.R.B. No. 21, 2007 WL 1946623, at *5 (June 29, 2007). The Board appropriately recognized that the logical inference to be drawn from Avery’s secrecy, absent evidence of a legitimate purpose or credible explanation for the secrecy, was that Avery intentionally concealed its hiring of permanent replacements to remove Union members from its workforce and thereby break up the Union. See Church Homes I, 448 F.3d at 195. The Board reasonably determined that neither Avery’s assertion of good faith in bargaining nor its actions subsequent to the secret hiring of replacements effectively rebutted the inference that the secret hiring was illegitimate under the circumstances. There also was no error in the negative credibility finding as the record, especially the December 31, 1999 memorandum written by Avery’s Chief Executive Officer, undercuts the rationale that fear of violence was the reason for the secret hiring. See NLRB v. American Geri-Care, Inc., 697 F.2d 56, 60 (2d Cir.1982) (“[T]he findings of the Board cannot be lightly overturned, especially when these findings are based upon the Board’s assessment of credibility.” (internal quotation marks omitted)).
Avery contends the Board improperly shifted the burden of proof onto it. In support of the argument, it cites a footnote in which members of the Board, who concurred only reluctantly in the Board’s disposition, asserted that our Court had shifted the burden and expressed disagreement with that action. In Church Homes I, we did not shift the burden to the employer. We rather ruled that Avery’s secrecy, unless rebutted, supported an inference of an independent unlawful purpose through which the General Counsel could carry the burden of proving violation of the Act. 448 F.3d at 195-96. As we understand the Board’s opinion, it correctly placed the burden of proving a violation of the Act on the General Counsel.
*1001 Member Walsh noted in the same footnote that Avery’s secrecy “is probative of whether the decision to replace the strikers was motivated by an independent unlawful purpose.” Church Homes, Inc. d/b/a Avery Heights, 350 NLRB No. 21, 2007 WL 1946623, at =::3 n. 6 (June 29, 2007). The Board found that the General Counsel sustained his burden of proving Avery’s violation by putting forth evidence of Avery’s secrecy which, when inadequately rebutted by Avery, supported an inference of independent unlawful purpose.
For the foregoing reasons, we GRANT the General Counsel of the NLRB’s petition for enforcement and DENY Avery’s petition for review.